IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL J. ROBINSON, | : Civil No. 4:25-CV-2306 |
| Plaintiff, | : |
| | : (Judge Mehalchick) |
| v. | : |
| | : (Chief Magistrate Judge Bloom) |
| SAMPLE NEWS GROUP, LLC, et al., | : |
| Defendants. | : |

REPORT AND RECOMMENDATION

I. Introduction

This is a civil rights action filed by the *pro se* plaintiff, Michael Robinson.[1] Robinson, who is a frequent filer in this court, asserts claims of civil conspiracy and intentional infliction of emotional distress against Sample News Group, LLC ("Sample News"), Timothy Zyla, Larry Dekinsky, and ten unnamed individuals arising from a newspaper article published on February 27, 2019.[2] The complaint alleges that *The News-Item*, a newspaper owned and operated by Sample News, published Robinson's photograph beneath the obituary section "with the deliberate

---

[1] Docs. 1.

[2] *Id.*

intent to convey that the plaintiff or his political candidacy was 'dead.'"[3] Robinson claims that the Managing Editor of the newspaper, defendant Zyla, admitted to publishing the article for that very purpose.[4] Robinson claims that the article caused his friends and supporters to believe he passed.[5] As relief, Robinson requests in excess of $150,000 in compensatory and an unspecified amount of punitive damages.[6]

The plaintiff thereafter filed a motion to amend his complaint,[7] seeking to add Anthony Matulewicz as a defendant for claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO").[8] The allegations in Robinson's amended complaint are nearly identical to those made in Robinson's other civil case in this court, docketed at 4:25-CV-1134. The amended complaint alleges that Matulewicz is engaging in a widespread pattern of racketeering with various individuals,

---

[3] *Id.* at 2.

[4] *Id.*

[5] *Id.* at 3.

[6] *Id.* at 4.

[7] Given that Robinson filed the motion to amend prior to service, the amended complaint is deemed filed as docketed. *See* Fed. R. Civ. P. 15(a). We view the amended complaint as incorporating the allegations set forth of the initial complaint.

[8] Doc. 4.

including several individual defendants who are named in Robinson's other civil case. However, the facts alleged in the amended complaint give no indication as to how they are related to Robinson's initial complaint.

Along with this complaint, Robinson filed a motion for leave to proceed *in forma pauperis*.[9] We will grant the motion for leave to proceed *in forma pauperis* for screening purposes only but after consideration, we will recommend that the motion to amend be denied and the complaint be dismissed.

## II. Discussion

### A. Screening of *Pro Se* Complaints – Standard of Review

We have a statutory obligation to preliminarily review *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis*.[10] We review such complaints to determine whether there are frivolous or malicious claims, or if the complaint fails to state a claim upon which relief may be granted.[11] This statutory preliminary

---

[9] Doc. 2.

[10] *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

[11] *Id.*

screening mirrors review under Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted."[12]

With respect to this legal benchmark, under federal pleading standards a plaintiff is required to set forth a "short and plain statement of the claim showing that the pleader is entitled to relief."[13] In determining whether a complaint states a claim for relief under this pleading standard, a court must accept the factual allegations in the complaint as true,[14] and accept "all reasonable inferences that can be drawn from them after construing them in the light most favorable to the non-movant."[15] However, a court is not required to accept legal conclusions or "a formulaic recitation of the elements of a cause of action."[16]

As the Third Circuit Court of Appeals has aptly summarized:

---

[12] Fed. R. Civ. P. 12(b)(6).

[13] Fed. R. Civ. P. 8(a)(2).

[14] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[15] *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

[16] *Id.*; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

> [A]fter *Iqbal*, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Phillips*, 515 F.3d at 234–35. As the Supreme Court instructed in *Iqbal*, "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 129 S. Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*[17]

Generally, when considering a motion to dismiss, a court relies on the complaint and its attached exhibits, as well as matters of public record.[18] A court can also consider "undisputedly authentic document[s] that a defendant attached as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] documents."[19] Additionally, if the complaint relies on the contents of a document not physically

---

[17] *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009).

[18] *Sands v. McCormick*, 502 F.3d 263, 268 (3d Cir. 2007).

[19] *Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993).

5

attached to the complaint but whose authenticity is not in dispute, the court may consider such document in its determination.[20] However, the court may not rely on any other part of the record when deciding a motion to dismiss.[21]

Finally, when reviewing a *pro se* complaint, we are reminded that such complaints are to be construed liberally, "so 'as to do substantial justice.'"[22] We must apply the relevant law even if the *pro se* plaintiff does not mention it by name.[23]

### B. The Amended Complaint Should be Dismissed.

"As part of its general power to administer its docket, a district court may dismiss a duplicative complaint."[24] Here, the plaintiff's amended complaint is nearly identical to the amended complaint filed in his other civil action in this court.[25] From what we can discern, that

---

[20] *See Pryor v. Nat'l Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002).

[21] *Jordan*, 20 F.3d at 1261.

[22] *Alston v. Parker*, 363 F.3d 229, 234 (3d Cir. 2004) (quoting Fed. R. Civ. P. 8(f)).

[23] *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003) (citing *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002)).

[24] *Fabics v. City of New Brunswick*, 629 F. App'x 196, 198 (3d Cir. 2015).

[25] *See* Docket No. 4:25-CV-1134.

amended complaint sets forth facts related to his political campaign and includes defendant Matulewicz. In that action, the court dismissed the amended complaint with prejudice. The matter is now on appeal with the Third Circuit.[26] Accordingly, the amended complaint in this case should be dismissed as duplicative.

### C. The Claims Set Forth in the Initial Complaint Should also be Dismissed.[27]

Robinson's initial complaint is fundamentally flawed in at least two ways. First, we conclude his complaint fails to state a claim upon which relief can be granted. Second, we find that his claims are time-barred by the two-year statute of limitations.

Robinson's complaint asserts a civil conspiracy claim against the defendants alleging they retaliated against him for exercising his First Amendment rights in "running for public office and speaking on public issues."[28] However, to prove a conspiracy claim under Section 1983, a plaintiff must show "that persons acting under color of state law 'reached

---

[26] *See* Docket No. 25-3338.

[27] Because the plaintiff's amended complaint simply sought to add a defendant and additional claims, the Court will proceed in screening the claims set forth in the initial complaint.

[28] Doc. 1 at 4.

an understanding' to deprive him of his constitutional rights."[29] "Generally, private actors do not act under color of state law, [and] thus are not liable under Section 1983."[30]

Here, it is apparent that Robinson attempts to assert claims against private actors. Sample News is a private newspaper publisher that owns and operates *The News-Item*, which employs the individual defendants. While there are certain instances where private actors may be treated as state actors,[31] Robinson's assertion that the defendants acted under color of law because they "regularly attend and cover Northumberland County government"[32] news is unavailing. Accordingly, Robinson's conspiracy claim fails.

Moreover, state statutes of limitations for personal injury apply to claims brought under Section 1983.[33] In Pennsylvania, this limitations

---

[29] *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 294 (3d Cir. 2018) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150–52 (1970)).

[30] *Luck v. Mount Airy No. 1, LLC*, 901 F. Supp. 2d 547, 560 (M.D. Pa. 2012).

[31] *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir. 2009); *Benn v. Universal Health Sys., Inc.*, 371 F.3d 165, 171 (3d Cir. 2004).

[32] Doc. 1 at 3.

[33] *Garvin v. City of Phila.*, 354 F.3d 215, 220 (3d Cir. 2003).

period is two years from the date the cause of action accrued.[34]  A cause of action accrues "when the plaintiff knew or should have known of the injury upon which [his] action is based."[35]  A court is permitted to dispose of Section 1983 claims at the motion to dismiss stage if it is apparent from the face of the complaint that the statute of limitations has run.[36]

Robinson filed this action on December 3, 2025.  The newspaper article complained of therein was published on February 27, 2019.  This article was undoubtedly known to Robinson at the time of its publishing, as evinced by his claims that the article injured his reputation and political campaign and that the defendants refused to cover Robinson's legitimate news.  Moreover, it is beyond dispute that Robinson had the requisite knowledge to pursue an action given his frequent appearance in this Court.  Accordingly, because Robinson filed this action more than

---

[34] 42 Pa. Cons. Stat. § 5524.

[35] *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 599 (3d Cir. 1998).

[36] *Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (citing *Robinson v. Johnson*, 313 F.3d 128, 135 (3d Cir. 2002)).

two years after he was aware of the facts underlying his claims, we conclude his claims are barred by the statute of limitations.[37]

Finally, while we recognize that *pro se* plaintiffs should generally be permitted to amend their complaints,[38] this complaint is materially flawed in several ways, and thus, we believe leave to amend would be futile. Accordingly, we recommend that this complaint be dismissed with prejudice.

## III. Recommendation

Accordingly, for the foregoing reasons, IT IS RECOMMENDED that the plaintiff's complaint be DISMISSED WITH PREJUDICE.

The parties are further placed on notice that pursuant to Local Rule 72.3:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a

---

[37] Robinson seemingly asserts the statute of limitations was tolled under the continuing wrong doctrine because his injuries "continue to this day." *See* Doc. 1 at 2-3. However, "[i]n applying the doctrine, this court focuses on the affirmative acts of the defendant[,]" which Robinson fails to mention. *Sameric Corp. of Del., Inc.*, 142 F.3d at 599. Accordingly, the continuing wrong doctrine is not applicable and Robinson's claims are time-barred.

[38] *See Fletcher-Hardee Corp. v. Pote Concrete Contractors*, 482 F.3d 247, 253 (3d Cir. 2007); *Alston v. Parker*, 363 F.3d 229, 235 (3d Cir. 2004).

habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 23rd day of December 2025.

*s/ Daryl F. Bloom*
Daryl F. Bloom
Chief United States Magistrate Judge
