UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL J. ROBINSON, <br><br> Plaintiff, <br><br> v. <br><br> SAMPLE NEWS GROUP, LLC, et al. <br><br> Defendants. | CIVIL ACTION NO. 4:25-CV-2306 <br><br> (MEHALCHICK, J.) |

### MEMORANDUM

Presently before the Court is a report and recommendation filed by Magistrate Judge Daryl F. Bloom recommending that Plaintiff Michael J. Robinson's ("Robinson") motion to amend be denied and complaint be dismissed with prejudice. (Doc. 5). On January 2, 2026, Robinson filed a timely objection to the report. (Doc. 6). Based on the Court's review of the relevant filings along with the report, Robinson's objection (Doc. 6) is **OVERRULED**, and the report (Doc. 5) will be **ADOPTED IN ITS ENTIRETY**.

**I. BACKGROUND AND PROCEDURAL HISTORY**

Robinson initiated this action on December 3, 2025, by filing a complaint alleging claims of civil conspiracy and intentional infliction of emotional distress against Defendants Sample News Group ("Sample News"), Timothy Zyla, Larry Dekinsky, and ten unnamed individuals arising from a newspaper article published on February 27, 2019 (together "Media Defendants"). (Doc. 1). On December 3, 2025, Robinson also filed a motion for leave to proceed in *forma pauperis*, which Judge Bloom granted for screening purposes only on

December 23, 2025. (Doc. 5, at 3). On December 15, 2025, Robinson filed a motion to amend the complaint, seeking to add Anthony Matulewicz as a defendant for claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). (Doc. 4). The RICO claims Robinson seeks to add against Anthony Matulewicz are nearly identical to claims made by Robinson in another civil case in this court, docketed at 4:25-cv-1134, in which Robinson filed a notice of appeal on December 15, 2025, the same day he filed the amended complaint in his action. (Notice of Appeal, 4:25-cv-01134, Doc. 103).

This case was reassigned to the undersigned and referred to Judge Bloom on December 23, 2025. Judge Bloom reviewed Robinson's complaint and motion to amend and issued the report recommending that the Court deny the motion to amend and dismiss the complaint (Doc. 5). On January 2, 2026, Robinson filed a timely objection to the report. (Doc. 6).

## II. LEGAL STANDARD

"A district court may 'designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition' of certain matters pending before the court." *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011) (quoting 28 U.S.C. § 636(b)(1)(B)). Within fourteen days of being served a report and recommendation, "any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." 28 U.S.C. § 636(b)(1). When a party timely files objections, the district court is to conduct a *de novo* review of the challenged portions of the Magistrate Judge's findings unless the objection is "not timely or not specific." *Goney v. Clark*, 749 F.2d 5, 6–7 (3d Cir.1984); 28 U.S.C. § 636(b)(1). The Court may then "accept, reject, or modify, in whole or in part, the findings and recommendations." 28 U.S.C. § 636(b)(1). "Although the standard is *de novo*, the extent of

review is committed to the sound discretion of the district judge, and the court may rely on the recommendations of the magistrate judge to the extent it deems proper." *Rahman v. Gartley*, No. CV 3:23-363, 2024 WL 555894, at *1 (M.D. Pa. Feb. 12, 2024) (citing *United v. Raddatz*, 447 U.S. 667, 676 (1980)).

**III. DISCUSSION**

In the report, Judge Bloom determined that the Court has general administrative power to deny Robinson's motion to amend because the proposed amended complaint is duplicative of a proposed amended complaint Robinson filed in his other civil action before the Middle District of Pennsylvania. (Doc. 5, at 6-7; *see* Amended Complaint, 4:25-cv-1134, Doc. 5). Judge Bloom also determined that Robinson's initial complaint should be dismissed because Robinson failed to state a claim upon which relief can be granted and because Robinson's claims are time-barred. (Doc. 5, at 7-10). After reviewing the relevant filings, the Court finds no error in Judge Bloom's conclusions. (Doc. 5). The Court finds Judge Bloom's analysis to be well-reasoned and supported by the applicable law. (Doc. 5). Robinson objects to Judge Bloom's conclusions that the Media Defendants are not state actors and that Robinson's claims are time-barred. (Doc. 6, at 2). The Court will address Robison's objections in turn.

    A. **JUDGE BLOOM DID NOT ERR IN CONCLUDING THE MEDIA DEFENDANTS ARE NOT STATE ACTORS.**

Robinson contends that the Media Defendants should be considered state actors because they are entwined with the Shamokin City Council. (Doc. 6, at 3). To assert a Section 1983 claim, a plaintiff must establish that the defendant(s) acted under color of state law. *Sameric Corp. of Del., Inc. v. City of Phila.*, 142 F.3d 582, 590 (3d Cir. 1998); *Luck v. Mount Airy No. 1, LLC*, 901 F. Supp. 2d 547, 560 (M.D. Pa. 2012). The Supreme Court has found that

conduct under color of state law should be treated the same as establishing "state action" under the Fourteenth Amendment. *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 929 (1982); *Luck*, 901 F. Supp. 2d at 560. Generally, private actors do not act under color of state law, but in certain circumstances, a private actor may be treated as a state actor if there is a close nexus between the parties. *Leshko v. Servis*, 423 F.3d 337, 339 (3d Cir. 2005); *Luck*, 901 F. Supp. 2d at 560. A close nexus or symbiotic relationship exists "by virtue of the close involvement of the state and interdependence of the [private] actors. . ." *Crissman v. Dover Downs Entm't Inc.*, 289 F.3d 231, 240-41 (3d Cir. 2002) (citing *Burton v. Wilmington Parking Authority*, 365 U.S. 715, 724-25 (1961)). Courts look at the relationship between the parties to determine whether their conduct could be linked to joint beneficial activities. *Burton*, 365 U.S. at 724-25; *Crissman*, 289 F.3d at 240-41.

     Here, Robinson fails to articulate any nexus between the Media Defendants and a state actor. Robinson only provides conclusory statements regarding Sample News's power over the Shamokin City Council. (Doc. 6, at 3-4). Looking at the alleged relationship between the Media Defendants and Shamokin City Council, the court cannot find any facts that describe a relationship or any joint beneficial activity between the two. *See Burton*, 365 U.S. at 724-25; *see Crissman*, 289 F.3d at 240-41. While *pro se* complaints should be construed liberally, the Court is not required to accept Robinson's conclusory statements or formulaic recitations of the elements as true. *See Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice"). Accordingly, the Court agrees with Judge Bloom's conclusion that Robinson has failed to state a claim upon which relief can be granted. (Doc. 5).

    B.  JUDGE BLOOM DID NOT ERR IN CONCLUDING ROBINSON'S CLAIMS ARE TIME BARRED.

Robinson also contends that his claims are not time barred because he suffers continuing violations by the Media Defendants. (Doc. 6, at 2). "[C]laims such as [Robinson's] brought under section 1983 are subject to statutes of limitations governing personal injury actions." *Garvin v. City of Phila.*, 354 F.3d 215, 220 (3d Cir. 2003). The Pennsylvania statute of limitations for personal injury actions is two years from the date the cause of action accrued. 42 Pa. Cons. Stat. § 5524. However, under the continuing violation doctrine, a federal cause of action based on a defendant's continuing conduct is timely if the last act of the continuing conduct is within the statute of limitations for that action. *Sameric Corp. of Del., Inc.*, 142 F.3d at 599.

"The continuing violation doctrine is an 'equitable exception to the timely filing requirement' that applies 'when a defendant's conduct is part of a continuing practice." *Johnston v. Wetzel*, 431 F. Supp. 3d 666, 675 (W.D. Pa. 2019). In applying the continuing violation doctrine, district courts focus on the affirmative acts of the defendant. *Sameric Corp. of Del., Inc.*, 142 F.3d at 599. To prevail on a continuing violation theory, a plaintiff must show defendant's continual unlawful acts, not the occurrence of isolated or sporadic acts or continued negative effects from an original violation. *Johnston*, 431 F. Supp. 3d 675. District courts consider three factors when determining whether a defendant's acts constitute a continuing violation: (1) whether the violations constitute the same type of discrimination; (2) whether the acts are recurring or isolated incidents; and (3) whether the act had a degree of permanence which should trigger the plaintiff's duty to assert his or her rights and whether the consequences of the act would continue without continuing intent to discriminate.

5

*Johnston*, 431 F. Supp. 3d at 675-76 (citing *Cowell v. Palmer Twp.*, 263 F.3d 286, 292 (3d Cir. 2001).

Robinson fails to assert further affirmative acts of the Media Defendants to constitute a continuing violation. In his objection, Robinson submits a "complete news blackout" allegedly imposed by Sample News and that there has been "zero coverage" of this federal lawsuit by Sample News. (Doc. 6, at 2-3). A lack of news coverage on Robinson by the Media Defendants does not constitute an affirmative action for the purposes of the continuing violation doctrine. *See Sameric Corp. of Delaware, Inc.*, 142 F.3d at 599; *Cowell*, 263 F.3d at 294 (quoting *Ocean Acres Ltd. V. Dare Cnty Bd. of Health*, 707 F.2d 103, 106 (4th Cir. 1983) ("[a] continuing violation is occasioned by continual unlawful acts, not continual ill effects from an original violation"). While the Media Defendants' publishing of Robinson's photograph on February 27, 2019 and failure to cover Robinson's lawsuit filed on December 3, 2025 could possibly be considered part of the same civil conspiracy, these alleged actions are isolated incidents. *See Johnston*, 431 F. Supp. 3d at 675-76; *see Cowell*, 263 F.3d at 292. Further, Robinson would continue to suffer consequences from the alleged publishing of his photograph on February 27, 2019, regardless of whether the Media Defendants instituted the alleged news blackout regarding this lawsuit. *See Johnston*, 431 F. Supp. 3d at 675-76; *see Cowell*, 263 F.3d at 292. As Robinson failed to show a continuing violation and the alleged incident upon which this lawsuit is based occurred more than two years before the filing of this action, the Court agrees with Judge Bloom's conclusion that Robinson's claim is time-barred. (Doc. 5); *see Garvin*, 354 F.3d at 220; *see* 42 Pa. Cons. Stat. § 5524.

## IV. CONCLUSION

The Court agrees with the report's sound reasoning and discerns no error of law. Accordingly, **IT IS HEREBY ORDERED THAT** the report (Doc. 5) is **ADOPTED IN ITS ENTIRETY** as the opinion of the Court. Robinson's motion to amend (Doc. 4) is **DENIED**, Robinson's complaint (Doc. 1) is **DIMSISSED with prejudice**, and the clerk of court is directed to **CLOSE** this case.

Dated: January 15, 2026                                    *s/ Karoline Mehalchick*
                                                          **KAROLINE MEHALCHICK**
                                                          **United States District Judge**