UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL J. ROBINSON,

Plaintiff,

v.

SAMPLE NEWS GROUP, LLC, et al.

Defendants.

CIVIL ACTION NO. 4:25-CV-2306

(MEHALCHICK, J.)

## MEMORANDUM

Presently before the Court is Plaintiff Michael J. Robinson's ("Robinson") motion for leave to amend his complaint (Doc. 9) and motion to alter/amend the Court's January 15, 2026 Order (Doc. 8) dismissing Robison's complaint with prejudice. (Doc. 13). For the following reasons Robinson's motions will be **DENIED**.

## I.   BACKGROUND AND PROCEDURAL HISTORY

Robinson initiated this action on December 3, 2025, by filing a complaint alleging claims of civil conspiracy and intentional infliction of emotional distress against Defendants Sample News Group ("Sample News"), Timothy Zyla, Larry Dekinsky, and ten unnamed individuals (collectively "media defendants") arising from a newspaper article published on February 27, 2019. (Doc. 1). On December 3, 2025, Robinson also filed a motion for leave to proceed in *forma pauperis* which Magistrate Judge Daryl F. Bloom granted for screening purposes only on December 23, 2025. (Doc. 5, at 3). On December 15, 2025, Robinson filed a motion to amend the complaint, seeking to add Anthony Matulewicz ("Matulewicz") as a

defendant for claims under the Racketeer Influenced and Corrupt Organizations Act ("RICO"). (Doc. 4). The RICO claims Robinson sought to add against Matulewicz were nearly identical to claims made by Robinson in another civil case in this court, docketed at 4:25-cv-1134, in which Robinson filed a notice of appeal on December 15, 2025, the same day he filed the amended complaint in this action. Notice of Appeal, 4:25-cv-01134, Dkt. No. 103. Judge Bloom reviewed Robinson's complaint and motion to amend and issued a report recommending that the Court deny the motion to amend and dismiss the complaint with prejudice. (Doc. 5). On January 5, 2025, Robinson filed a timely objection to the report. (Doc. 6). On January 15, 2026, the Court adopted Judge Bloom's report and recommendation in its entirety, denied Robinson's motion to amend, and dismissed Robinson's complaint with prejudice. (Doc. 7; Doc. 8).

On January 16, 2026, Robinson filed a motion for leave to amend his complaint (Doc. 9) and supplemental objections to Judge Bloom's report and recommendation. (Doc. 10). On January 21, 2026, Robinson appealed the Court's January 15, 2026 Order (Doc. 8) to the Third Circuit. (Doc. 11; Doc. 12). Robinson's appeal is stayed by the Third Circuit pending the disposition of Robinson's motion for leave to file an amended complaint. (Doc. 15). On January 27, 2026, Robinson filed a motion to alter/amend the Court's January 15, 2026 Order. (Doc. 13). On February 2, 2026, Robinson filed a brief in support of his motion to alter/amend (Doc. 14), and on June 15, 2026, Robinson filed a supplement regarding ongoing harm. (Doc. 16).

## II. LEGAL STANDARD

### A. MOTION TO AMEND

Federal Rule of Civil Procedure 15(a)(1) permits amendment of a pleading as a matter of course.

> A party may amend its pleading once as a matter of course within:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.

Fed. R. Civ. P. 15(a)(1)

"In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (2002). Further, "[a] district court has 'substantial leeway in deciding whether to grant leave to amend.'" *In re Avandia Mktg., Sales Practices & Products Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (not precedential) (quoting *Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)).

B. MOTION FOR RECONSIDERATION

A motion for reconsideration is a device of limited utility which may only be used to correct manifest errors of law or fact or to present newly discovered precedent or evidence. *Harasco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). To prevail, a party seeking reconsideration must demonstrate one of the following: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion . . . ; or (3) the need to correct a clear error of law or fact or to prevent

manifest injustice." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "Because federal courts have a strong interest in the finality of judgments, motions for reconsideration should be granted sparingly." *Continental Cas. Co. v. Diversified Indus.*, Inc., 884 F. Supp. 937, 943 (E.D. Pa. 1995).

### III. DISCUSSION

#### A. ROBINSON'S PROPOSED AMENDED COMPLAINT IS FUTILE AND DUPLICATIVE.

Robinson seeks leave to amend his complaint pursuant to Rule 15 of the Federal Rules of Civil Procedure. (Doc. 9, at 1). Robinson submits that his proposed amendments "incorporate public/court records" and "detail persistent whistleblowing since 2020 and prior." (Doc. 9, at 2). Robinson's proposed amended complaint adds defendant Robert Slaby, former Shamokin City Administrator. (Doc. 9-1). Robinson asserts RICO claims against Slaby, alleging that Slaby violated financial laws, used blackmail and extortion to gain influence, and interfered in an election. (Doc. 9-1, at 4-5).

Courts have broad discretion regarding motions to amend, guided by the principle that leave should be freely given when justice so requires. *Foman v. Davis*, 371 U.S. 178, 182 (1962) However, even under this liberal standard, a motion for leave to amend may be denied when justified. Justifications for denial of leave to amend include: (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice to the opposition; (4) repeated failures to correct deficiencies with previous amendments; and (5) futility of the amendment. *Riley v. Taylor*, 62 F.3d 86, 90 (3d Cir. 1995).

"[I]n assessing 'futility,' the district court applies the same standard of legal sufficiency as applies under Rule 12(b)(6)." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (quoting *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996)). To

survive a Rule 12(b)(6) motion to dismiss, a plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d at 1429-30).

Courts must determine whether a plaintiff's well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Pursuant to Rule 15(c), if the statute of limitations has run, the amendment of a complaint must relate back to the date of the original, timely filed complaint. *Singletary v. Pa. Dep't of Corr.*, 266 F. 3d 186, 193 (3d Cir. 2001). The statute of limitations for RICO claims is four years from the date the plaintiff knew or should have known of their injury. *Prudential Ins. Co. of Am. v. United States Gypsum Co.*, 359 F.3d 226, 233 (3d Cir. 2004). An amendment relates back to the date of the original pleading when:

5

(A) the law that provides the applicable statute of limitations allows relation back;

(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or

(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and

> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)

Therefore, to add or substitute a new party, including replacing a John Doe defendant with a named defendant, the plaintiff must establish both that the amended pleading relates to the same conduct, transaction, or occurrence set forth in the original pleading and that the proposed new defendant had notice of the action. *Singletary*, 266 F.3d at 193; *Ferencz v. Medlock*, 905 F. Supp. 2d 656, 666 (W.D. Pa. 2012). The proposed new defendant must have known or should have known that but for a mistake of identity, he would have been named in the original complaint. *Singletary*, 266 F.3d at 193-95; *Ferencz*, 905 F. Supp. 2d at 666.

"'As part of its general power to administer its docket,' a district court may dismiss a duplicative complaint." *Fabics v. City of New Brunswick*, 629 F. App'x 196, 198-99 (3d Cir. 2015) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). When a plaintiff circumvents the procedure for amending a complaint provided by Rule 15, district courts can stay the second action, consolidate it with the first, or dismiss the second

action. *Fabics*, 629 F. App'x at 198-99 (citing *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)).

Robinson's proposed amended complaint is futile and could not survive a Rule 12(b)(6) motion to dismiss because Robinson merely provides conclusory statements and fails to allege facts that give rise to a plausible claim for relief. In his proposed amended complaint, Robinson alleges that Slaby "received compensation since 2014 without lawful hiring/appointment," violated financial laws, and conspired "via blackmail/extortion for positions/influence." (Doc. 9-1, at 4-5). Robinson alleges that the local media published false reports concealing Slaby's above actions and that Robinson faces ongoing harm due to election interference that has caused him financial and emotional distress. (Doc. 9-1, at 5). Robinson also provides that an Attorney McDonald is aware of the City of Shamokin's crimes against Robinson. (Doc. 9-1, at 5). Reliance on such brief, vague, and conclusory statements is insufficient to survive a Rule 12(b)(6) motion. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. Liberally construing and accepting Robinson's allegations as true, as the court must, the "bald assertions" in Robinson's proposed amended complaint plainly do not give rise to any plausible claims for relief. *Morse*, 132 F.3d at 906; *Jordan*, 20 F.3d at 1261; *Estelle*, 429 U.S. at 106.

Even if Robinson did provide well-pleaded factual allegations, his proposed amended complaint would still be futile because the proposed amendments do not relate back to the original complaint, nor do they cure the defects of the original complaint. Robinson's RICO claims against Slaby are for conduct that Robinson alleges began in 2014. (Doc. 9-1, at 4). Therefore, the four-year statute of limitations for the RICO claims against Slaby has long since tolled, so Robinson's amendments must relate back to a timely original complaint. *See*

*Prudential Ins. Co. of Am.*, 359 F.3d at 233; *Singletary*, 266 F.3d at 193. Robinson's original complaint concerns his candidacy for North Cumberland County Commissioner in 2019 and the local newspapers printing of Robinson's photograph beneath the obituary section, allegedly leading voters to believe Robinson was dead. (Doc. 1). This conduct and occurrence set forth in Robinson's original complaint is unrelated to Slaby's alleged misconduct since 2014, involving financial crimes and RICO conspiracy. (Doc. 1; Doc. 9-1). As such, Slaby could not have reasonably been put on notice of this lawsuit within the 120 day service period through Robinson's naming of ten "John Doe" defendants in the unrelated original complaint. *See Singletary*, 266 F.3d at 193-95; *see Ferencz*, 905 F. Supp. 2d at 666.

Furthermore, Robinson's original complaint was likewise not timely filed. (Doc. 5, at 8-10). The Court dismissed Robinson's original complaint for failure to state a claim *and* because the claims in the original complaint are time barred by the statute of limitations for Section 1983 claims. (Doc. 5, at 8-10). Robinson's proposed amended complaint fails to cure the defects in the original complaint and itself is futile for failure to state a claim and for failure to relate back to a timely filed original complaint. *See Prudential Ins. Co. of Am.*, 359 F.3d at 233; *see Singletary*, 266 F.3d at 193.

Finally, Robinson's proposed amended complaint is nearly identical to an amended complaint he filed in another civil action in the Middle District of Pennsylvania. Amended Complaint, 4:25-CV-1134, Dkt. No. 5. In that action, Robinson alleges that Slaby assumed his position fraudulently in 2014, violated the city code and local laws, and committed crimes tied to corruption and misuse of public funds. Amended Complaint, 4:25-CV-1134, Dkt. No. 5. In that action, the court dismissed the amended complaint with prejudice, and that matter is now on appeal with the Third Circuit. Notice of Appeal, 4:25-CV-1134, Dkt. No. 103.

Robinson is prohibited from maintaining two separate actions involving the same subject matter at the same time against the same defendant. *See Fabics*, 629 F. App'x at 198 (citing *Walton*, 563 F.2d at 70). Leave to amend would be futile given the several ways in which Robinson's complaint and amended complaint are materially flawed. Accordingly, Robinson's motion for leave to amend his complaint is **DENIED**. (Doc. 9); *see Riley*, 62 F.3d at 90.

    B. MOTION FOR RECONSIDERATION

Robinson requests that the Court alter or amend its January 15, 2026 Order adopting Judge Bloom's report and recommendation, denying Robinson leave to amend his complaint, and dismissing Robinson's complaint with prejudice. (Doc. 7; Doc. 8; Doc. 13). Robinson avers that the Court "overlooked or misapplied the pleading standards unde[r] Iqal/Twombly" and that the Court had no basis to dismiss his complaint without leave to cure deficiencies. (Doc. 13, at 2). Robinson contends that his objections to Judge Blooms report and recommendation and his proposed amended complaint provide "newly discovered or overlooked evidence" and supports "plausible claims and continuity of pattern across related cases." (Doc. 13, at 3). Robinson also submits supplemental objections that restate his prior objections to Judge Bloom's report and recommendation, asserting his claims cannot be time barred because his injuries are ongoing. (Doc. 6; Doc. 10).

The Court liberally construes Robinson's motion to alter or amend and supplemental objections as a motion for reconsideration. (Doc. 10; Doc. 13); *see Estelle*, 429 U.S. at 106. Given courts' preference for finality, "motion[s] for reconsideration should be granted sparingly." *Continental Cas. Co. v. Diversified Indus., Inc.*, 884 F. Supp. 937, 943 (E.D. Pa. 1995). Consistently, courts have concluded that a motion for reconsideration is not a proper

avenue to relitigate issues already resolved by the Court. *Drysdale v. Woerth*, 153 F. Supp. 2d 678, 682 (E.D. Pa. 2001); *see Cabrera v. Scism*, No. 1:10-CV-1821, 2010 WL 4537910, at *1 (M.D. Pa. Nov. 3, 2010); *see also Cox v. Monica*, No. CIV.A. 1:07-CV-0534, 2008 WL 111991, at *3 (M.D. Pa. Jan. 9, 2008); *Waye v. First Citizen's Nat'l Bank*, 846 F.Supp. 310, 314 (M.D.Pa.1994) ("A motion for reconsideration is not to be used to reargue matters already argued and disposed of."), *aff'd*, 31 F.3d 1174 (3d Cir. 1994).

Robinson's motion attempts to relitigate the objections that the Court overruled and the proposed amended complaint that the Court denied. Robinson does not raise any new evidence or arguments in his motion to alter/amend or supplemental objections. Instead, Robinson cites his previously filed objections and proposed amended complaint as containing "newly discovered or overlooked evidence." (Doc. 13, at 3, Doc. 10). The Court previously overruled Robinson's objections to Judge Bloom's report and recommendation finding that the media defendants' alleged "media blackout" does not constitute a continuing violation and that Robinson's Section 1983 claims are time barred. (Doc. 7, at 5-6). In *supra* Section III.A., the Court denied Robinson's motion for leave to amend his complaint because the proposed amended complaint is futile and duplicative. A motion for reconsideration is "not a proper avenue" for Robinson to relitigate issues the Court has already resolved. *See Drysdale,* 153 F. Supp. 2d at 682; *see Cabrera,* 2010 WL 4537910, at *1; *see Cox v. Monica,* 2008 WL 111991, at *3; *see also Waye,* 846 F. Supp. at 314. Accordingly, Robinson's motion to alter or amend the Court's January 15, 2026 Order is **DENIED**. (Doc. 10; Doc. 13).

**IV. CONCLUSION**

For the foregoing reasons Robinson's motion for leave to amend his complaint and motion to alter or amend the Court's January 15, 2026 Order are **DENIED**. (Doc. 9; Doc. 10; Doc. 13). An appropriate Order follows.

**Dated: July 29, 2026**

*s/ Karoline Mehalchick*
**KAROLINE MEHALCHICK**
**United States District Judge**